UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NATHANIEL MCCLARY,

                                                 Plaintiff,        **COMPLAINT**

        -against-                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK and P.O.s  JOHN DOE #1-3,
individually and in their official capacities, (the name John
Doe being fictitious, as the true names are presently
unknown),

                                                Defendants.

------------------------------------------------------------------X

       Plaintiff NATHANIEL MCCLARY, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

       4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff NATHANIEL MCCLARY is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN DOE #1-3 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**INCIDENT FACTS**

13. On August 14, 2013, at approximately 7:30 p.m., plaintiff NATHANIEL MCCLARY was lawfully present at the corner of 119th Avenue and Sutphin Boulevard, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, NATHANIEL MCCLARY did not possess or sell narcotics of any type, did not participate in any such sale, and did not participate in any other unlawful act whatsoever.

15. At aforesaid time and place, plaintiff NATHANIEL MCCLARY did not behave in a manner that would suggest to any reasonable police officer that plaintiff possessed or sold narcotics, participated in any such sale, or participated in any other unlawful act whatsoever.

16. Nonetheless, plaintiff NATHANIEL MCCLARY was suddenly accosted by members of the New York City Police Department.

17. Defendants handcuffed plaintiff NATHANIEL MCCLARY and placed him under arrest on narcotics charges, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants handcuffed plaintiff NATHANIEL MCCLARY more tightly and violently than is authorized or required by proper NYPD procedure.

19. Plaintiff NATHANIEL MCCLARY repeatedly advised defendants that the handcuffs were too tight and were causing him pain.

20. Defendants refused to remove or adjust the handcuffs.

21. As a result of being handcuffed too tightly and violently, plaintiff NATHANIEL MCCLARY sustained abrasions and contusions to his wrists that lasted for several days, and that left marks that remained visible months later and may be permanent.

22. Defendants transported plaintiff NATHANIEL MCCLARY to a precinct of the New York City Police Department in Queens, New York, and from there to Queens Central Booking.

23. Plaintiff NATHANIEL MCCLARY was held and detained in custody for approximately twenty-four hours.

24. Plaintiff NATHANIEL MCCLARY was released from custody when the Queens County District Attorney's Office declined prosecution.

25. As a result of the foregoing, plaintiff NATHANIEL MCCLARY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

26. Both before and after the arrest of plaintiff NATHANIEL MCCLARY, a custom and practice of lawlessness and corruption pervaded Queens and Brooklyn narcotics operations.

27. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff NATHANIEL MCCLARY without probable cause and to manufacture evidence against him.

28. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

29. The on-going custom and practice in Queens and Brooklyn was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

30. Upon information and belief, because of the custom and practice of corruption and lawlessness in Queens and Brooklyn, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

31. Both before and after the arrest of plaintiff NATHANIEL MCCLARY, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

32. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals"; from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews; from audiotapes secretly recorded at the 81st Precinct in September 2010; and from sworn testimony by NYPD officers during the 2013 trial of *Floyd v. City of New York*, No. 08 Civ. 1034, in the Southern District of New York.

33. Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff NATHANIEL MCCLARY without probable cause.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff NATHANIEL MCCLARY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of the aforesaid conduct by defendants, plaintiff NATHANIEL MCCLARY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Each and every individual defendant had an affirmative duty to intervene on plaintiff NATHANIEL MCCLARY's behalf to prevent the violation of his constitutional rights.

45. The individual defendants failed to intervene on plaintiff NATHANIEL MCCLARY's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

46. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and excessive force.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place plaintiff NATHANIEL MCCLARY under arrest.

49. Defendants arrested plaintiff NATHANIEL MCCLARY in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to plaintiff NATHANIEL MCCLARY without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff NATHANIEL MCCLARY's constitutional rights.

53. As a result of the aforementioned conduct of defendants, plaintiff NATHANIEL MCCLARY was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## __MUNICIPAL LIABILITY__

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants arrested and incarcerated plaintiff NATHANIEL MCCLARY in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

59. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the facts set forth in the complaints in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff NATHANIEL MCCLARY.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NATHANIEL MCCLARY as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff NATHANIEL MCCLARY as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NATHANIEL MCCLARY was falsely arrested and incarcerated.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff NATHANIEL MCCLARY.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff NATHANIEL MCCLARY's constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff NATHANIEL MCCLARY of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from malicious abuse of process;

   D. Not to have excessive force imposed upon him;

   E. Not to have cruel and unusual punishment imposed upon him; and

   F. To receive equal protection under the law.

67. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff NATHANIEL MCCLARY demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars

($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         January 2, 2014

                                                    _____/s_____
                                                    ROSE M. WEBER (RW 0515)
                                                    30 Vesey Street, Suite 1801
                                                    New York, NY 10007
                                                    (212) 748-3355